Curia, per Frost, J.
The first ground of appeal objects to the admission of proof of the defendant’s transactions or course of business in reference to the brig, to shew that he acted only as consignee or agent, because such transactions were, in some degree, private, and should not affect with notice, persons dealing with the defendant. Such proof furnished the most certain evidence of the character in which the defendant acted, in connection with Morris and the brig. The effect of it to discharge the defendant from liability as owner, it was for the jury to determine.
The position taken in the second ground of appeal, has been ruled against the appellant at this term, in the case of *525 Jones vs. Blum & Cobia. In that case, Stocker had transferred, by bill of sale, a brig to the defendants, who were entered in the register as owners. Proof was received that'the brig was navigated for the benefit of Stocker, and that he had possession, by his exclusive employment of it and receipt of the freights, and that the supplies were furnished on his credit. The presiding Judge instructed the jury, that though in general the owner or person who has the legal title is liable for supplies furnished to his ship, .yet, when it is proved that the legal owner had no interest in the freights, but that the vessel was navigated under the entire control and for the exclusive benefit of another, such person, pro hac vice, would be owner; and if upon his individual credit the supplies were furnished, then the legal owner was not liable; and that the true question in the case was, to whom was the credit given 1 These instructions were affirmed on appeal. In this case, precisely the same questions arose, whether the proof of the transfer of the brig to the defendant shewed an unconditional title as owner, or merely as mortgagee; if the defendant was mortgagee, then, whether Morris, the mortgagor, was in possession, by the navigation of the vessel under his entire control and for his exclusive benefit, without any participation by the defendant in the profits ; and whether the repairs were made on the credit of Morris or the defendant. On the evidence affecting these questions and the defendant’s liability, the instructions of the Recorder are in entire accordance with the law affirmed in Jones vs. Blum & Cobia.
The third exception is, that when, pursuant to notice, the defendant produced an agreement between himself and Jones, by which Jones guarantied the defendant against any claim which might be brought against the brig, from the time of sale by Pezant to the purchase by Jones, the Recorder ruled, that an order from Morris to the defendant, to make a bill of sale of the brig to Jones, should also be read. Both instruments bore the same date, were executed in the presence of the same witness, and written on one piece of paper. From the guaranty, the plaintiff would have implied an admission by the defendant of his liability *526 as owner. The order negatives that admission, by shewing that Morris claimed to be the owner, and the defendant acknowledged his claim. If what is contained in these papers had been expressed in ■ conversation, no question could be made that the whole conversation should have been given in evidence.
In general, the same rule applies to written as to oral admissions. Both papers together shew that Morris was the owner and vendor, Jones the purchaser, and the defendant an intermediate party, who held the legal title. In the arrangement for completing the sale, these instruments were executed. In this connection, they negative the implication of the defendant’s ownership of the brig, and shew that the guaranty was taken as a prudent security against demands to which the defendant’s possession of the legal title might subject him. Motion refused.
Richardson, O’Neall, Evans and Butler, JJ. concurred.